UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL ELIZABETH WALASHEK, Individually and as successor-in-interest to THE ESTATE OF MICHAEL WALASHEK and THE ESTATE OF CHRISTOPHER LINDEN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION LIMITED, et al.,<br>　　　　　　　　　Defendants. | Case No.:  14cv1567 BTM(BGS)<br><br>**ORDER GRANTING CRANE CO.'S MOTION FOR SUMMARY JUDGMENT** |

On May 27, 2015, Crane Co. filed a motion for summary judgment against Plaintiffs.  On June 29, 2015, Plaintiffs filed a notice of non-opposition to Crane Co.'s motion.

On June 17, 2014, Plaintiffs commenced this wrongful death and survival action in state court.  The Complaint alleges that Michael Walshek's exposure to asbestos and asbestos-containing products while he was employed at the National Steel & Shipbuilding Co., resulted in severe and permanent injury and ultimately death.  On June 27, 2014, this action was removed to federal court.

1   Crane Co. moves for summary judgment on the ground that Plaintiffs cannot
2   show that the decedent was exposed to asbestos released from a product for
3   which Crane Co. is legally responsible. In support of its motion, Crane Co. points
4   to Plaintiffs' discovery responses. When responding to Crane Co.'s special
5   interrogatories and document requests, Plaintiffs failed to identify any specific
6   documents supporting Plaintiffs' contention that Mr. Walashek was exposed to
7   asbestos-containing products for which Crane Co. is legally responsible. (Exs. B-
8   E.)
9   When asked to identify persons with knowledge of Mr. Walashek's exposure
10  to asbestos from Crane Co. products, Plaintiffs identified Jim Doud, Ron Gray,
11  Frank Walashek, "witnesses being identified in Plaintiffs' discovery and
12  investigation," Plaintiffs' expert witnesses, and Crane Co.'s Person Most
13  Knowledgeable and/or corporate representatives and/or employees/former
14  employees. (Resp. to Special Interrogatory No. 2 (Ex. D).) However, Crane Co.
15  deposed Mr. Doud, Mr. Gray, and Mr. Frank Walashek, and none of these
16  witnesses provided evidence that Mr. Walashek encountered any asbestos-
17  containing material made, sold, or otherwise placed into the stream of commerce
18  by Crane Co. (Exs. 7, 8, 9.)
19  Crane Co. has satisfied its initial burden of production on summary judgment
20  by showing that Plaintiffs have insufficient evidence of an essential element of their

case – i.e., that Mr. Walashek was exposed to Crane Co.'s asbestos-containing product.  Therefore, the burden shifts to Plaintiffs, who must produce enough evidence to create a genuine issue of material fact.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Plaintiffs have not submitted any evidence in opposition to the motion and have instead filed a notice of non-opposition.

Therefore, the Court **GRANTS** Crane Co.'s motion for summary judgment [Doc. 210] against Plaintiffs.

**IT IS SO ORDERED.**

Dated:  July 23, 2015

_____
Barry Ted Moskowitz, Chief Judge
United States District Court