UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL ELIZABETH WALASHEK, Individually and as successor-in-interest to THE ESTATE OF MICHAEL WALASHEK and THE ESTATE OF CHRISTOPHER LINDEN, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 14cv1567 BTM(BGS)<br><br>**ORDER GRANTING HOPEMAN BROTHERS, INC.'S MOTION FOR SUMMARY JUDGMENT** |

On July 1, 2015, Defendant Hopeman Brothers, Inc. ("Hopeman") filed a motion for summary judgment against Plaintiffs. On August 7, 2015, Plaintiffs filed a notice of non-opposition to Hopeman's motion.

1    On June 17, 2014, Plaintiffs commenced this wrongful death and survival
2 action in state court.  The Complaint alleges that Michael Walashek's exposure to
3 asbestos and asbestos-containing products, in the course of performing his work
4 for various employers, resulted in severe and permanent injury and ultimately
5 death.  On June 27, 2014, this action was removed to federal court.

6    Plaintiffs' claims against Hopeman are based on Mr. Walashek's alleged
7 work with or around asbestos-containing materials installed or removed by
8 Hopeman, including marinate and micarta board.  Hopeman moves for summary
9 judgment on the ground that Plaintiffs cannot establish that Mr. Walashek was
10 exposed to asbestos dust emanating from activity by Hopeman.

11    Hopeman, as ship joiners, entered into contracts primarily with shipyards to
12 complete the interior finish work in the crew's quarters and deckhouse areas on
13 the new construction of ships. (Ramsey Decl. ¶ 2.)  Hopeman's work in the boiler
14 room was limited to installation of metal furniture, joiner doors or wood cargo
15 battens. (Id. at 3.)  Hopeman installed materials purchased from third-party sellers
16 and did not manufacture, distribute or sell any materials or products.  (Id. at ¶¶ 4-
17 6.)

18    Hopeman points to Plaintiffs' discovery responses, which fail to identify
19 specific documents or facts supporting Plaintiffs' claims against Hopeman. (Def.'s
20 Exs. D, F, H.)  In their responses to Hopeman's special interrogatories, Plaintiffs

1  listed only themselves as persons with knowledge of the factual allegations listed
2  in Plaintiffs' responses.  (Ex. E, Nos. 4, 8.)   During their depositions, Plaintiffs
3  stipulated that they would not testify against Hopeman in any manner. (Exs. I, J,
4  K, L.)

5  Hopeman has satisfied its initial burden of production on summary judgment
6  by showing that Plaintiffs have insufficient evidence of an essential element of their
7  case – i.e., that Mr. Walashek was exposed to asbestos-containing product as a
8  result of activity by Hopeman.  "In the context of a cause of action for asbestos-
9  related latent injuries, the plaintiff must first establish some threshold exposure to
10 the defendant's defective asbestos-containing products, and must further establish
11 in reasonable medical probability that a particular exposure or series of exposures
12 was a "legal cause" of his injury, i.e., a *substantial factor* in bringing about the
13 injury." Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 982 (1997).

14 Because Hopeman has satisfied its initial burden, the burden shifts to
15 Plaintiffs, who must produce enough evidence to create a genuine issue of material
16 fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Plaintiffs have not
17 submitted any evidence in opposition to the motion and have instead filed a notice
18 of non-opposition.

19
20

3

Therefore, the Court **GRANTS** Hopeman's motion for summary judgment [Doc. 250] against Plaintiffs.  Because the Court finds that there is no just reason for delay, the Court orders the Clerk to enter final judgment in favor of Hopeman Brothers, Inc.

**IT IS SO ORDERED.**

Dated:  September 8, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court