UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL ELIZABETH WALASHEK, Individually and as successor-in-interest to THE ESTATE OF MICHAEL WALASHEK and THE ESTATE OF CHRISTOPHER LINDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No.: 14cv1567 BTM(BGS)<br><br>**ORDER GRANTING DEFENDANT J.T. THORPE & SON, INC.'S MOTION FOR SUMMARY JUDGMENT** |

On July 17, 2015, Defendant J.T. Thorpe & Sons, Inc. ("Thorpe") filed a motion for summary judgment against Plaintiffs. On August 28, 2015, Plaintiffs filed a notice of non-opposition to Thorpe's motion.

1    On June 17, 2014, Plaintiffs commenced this wrongful death and survival
2  action in state court.  The Complaint alleges that Michael Walashek's exposure to
3  asbestos and asbestos-containing products, in the course of performing his work
4  for various employers, resulted in severe and permanent injury and ultimately
5  death.  On June 27, 2014, this action was removed to federal court.

6    Plaintiffs' claims against Thorpe are based on allegations that Thorpe
7  exposed Mr. Walashek to asbestos dust through its work with refractory materials
8  in and around boilers upon which Mr. Walashek may have worked.  Thorpe moves
9  for summary judgment on the ground that Plaintiffs cannot establish that Mr.
10 Walashek was exposed to asbestos from activities of Thorpe's employees or from
11 refractory materials installed by Thorpe.

12   Thorpe is a refractory contractor. (Dep. of John Dawson (Ex. K) at 17:13-16.)
13 Thorpe contracted with shipyards and shipbuilders to perform refractory work
14 inside boilers aboard ships.  (Dawson Dep. at 19:1-10.)

15   However, Plaintiffs have been unable to establish that Mr. Walashek was
16 exposed to asbestos as a result of the activities of Thorpe.  Plaintiffs' written
17 discovery responses failed to identify specific documents or facts supporting
18 Plaintiffs' claims against Thorpe. (Ex. C.)  When deposed, Frank Walashek, Ron
19 Gray, and Jim Doud, the three persons identified as persons with knowledge to
20 support Plaintiffs' claims against Thorpe, could not provide any information

regarding Mr. Walashek working with or around any product manufactured or supplied by Thorpe. (Exs. D, E, F.) Furthermore, Plaintiffs themselves failed to provide any information about Thorpe at their depositions. (Exs. G-J.)

Thorpe has satisfied its initial burden of production on summary judgment by showing that Plaintiffs have insufficient evidence of an essential element of their case – i.e., that Mr. Walashek was exposed to asbestos-containing products as a result of activity by Thorpe. "In the context of a cause of action for asbestos-related latent injuries, the plaintiff must first establish some threshold exposure to the defendant's defective asbestos-containing products, and must further establish in reasonable medical probability that a particular exposure or series of exposures was a "legal cause" of his injury, i.e., a *substantial factor* in bringing about the injury." Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 982 (1997).

Because Thorpe has satisfied its initial burden, the burden shifts to Plaintiffs, who must produce enough evidence to create a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiffs have not submitted any evidence in opposition to the motion and have instead filed a notice of non-opposition.

Therefore, the Court **GRANTS** Thorpe's motion for summary judgment [Doc. 267] against Plaintiffs. Because the Court finds that there is no just reason for

1 | delay, the Court orders the Clerk to enter final judgment in favor of J.T. Thorpe &
2 | Son, Inc.
3 | **IT IS SO ORDERED.**
4 | Dated: November 2, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court