UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL ELIZABETH WALASHEK, individually and as successor-in-interest to the Estate of MICHAEL WALASHEK and THE ESTATE OF CHRISTOPHER LINDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS COPRORATION, et al.<br><br>Defendants. | Case No.:  14cv1567 BTM(BGS)<br><br>**ORDER GRANTING CLEAVER-BROOKS, INC.'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Cleaver-Brooks, Inc. ("Cleaver-Brooks"), has filed a Motion for Summary Judgment.  For the reasons set forth below, the Court **GRANTS** Cleaver-Brooks' motion.

## I. BACKGROUND

On March 24, 2014, Plaintiffs commenced this wrongful death and survival action in state court.  On June 27, 2014, this action was removed to federal court.  The Complaint alleges that Michael Walashek's exposure to asbestos and

asbestos-containing products, in the course of performing his work for various employers from 1967 through 1986, caused him to suffer severe and permanent injury and ultimately death. The Complaint asserts claims of negligence and strict liability.

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. When

ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.  DISCUSSION

Plaintiffs claim that Walashek was exposed to asbestos attributable to Cleaver-Brooks as a result of his work on Cleaver-Brooks boilers. However, as discussed below, the Court finds that Plaintiffs' evidence falls short of creating a triable issue of fact with respect to Walashek's exposure to asbestos attributable to Cleaver-Brooks.

### 1. Threshold Exposure

In asbestos-related latent injury cases, the plaintiff "must first establish some threshold exposure to the defendant's defective asbestos-containing products." Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 982 (1997). The plaintiff bears the burden of proof on the issue of threshold exposure. McGonnell v. Kaiser Gypsum Co., Inc., 98 Cal. App. 4th 1098, 1103 (2002). "If there has been no exposure, there is no causation." Id.

"The mere 'possibility' of exposure does not create a triable issue of fact." Andrews v. Foster Wheeler LLC, 138 Cal. App. 4th 96, 108 (2006). "It is not enough to produce just some evidence. The evidence must be of sufficient quality to allow the trier of fact to find the underlying fact in favor of the party opposing the motion for summary judgment." McGonnell, 98 Cal. App. 4th at 1105. "'[P]roof that raises mere speculation, suspicion, surmise, guess or conjecture is not enough to sustain [the plaintiff's] burden' of persuasion." Izell v. Union Carbide Corp., 231 Cal. App. 4th 962, 969 (2014) (quoting Ulwelling v. Crown Coach Corp., 206 Cal. App. 2d 96, 104-05 (1962)).

2. <u>Cleaver-Brooks Establishes an Absence of Genuine Issue of Material Fact</u>

In response to an interrogatory asking Plaintiffs to identify and describe all products manufactured, distributed or supplied by Cleaver-Brooks which Walashek worked with or near, Plaintiffs responded: "Plaintiffs contend that Decedent MICHAEL WALASHEK worked with and around materials that were designed, manufactured, and/or distributed by the following entities: CLEAVER BROOKS INC. (for Cleaver Brooks distilling plants and Davis Heaters)." (Def. Ex. C at 4.)

In response to an interrogatory asking Plaintiffs to identify the date(s) and location(s) where MICHAEL WALASHEK worked with or around each product, Plaintiffs responded, "Plaintiffs identify the late 1960's and 1970's where decedent worked in around ships and shipyards which contain said equipment." (<u>Id.</u> at 6.)

When asked to describe how Walashek was exposed to asbestos from work with or around the product, Plaintiffs responded: "After a reasonable and good faith inquiry, Plaintiff have no further information responsive to this Interrogatory at this time." (<u>Id.</u> at 7.) Plaintiffs gave the same response to an interrogatory asking them for their basis for contending that asbestos-containing materials were manufactured or supplied by Cleaver-Brooks. (<u>Id.</u>)

In their Initial Disclosures, Plaintiffs did not indicate that they personally had any information regarding the liability of Cleaver-Brooks. (Def. Ex. B at 2.) Plaintiffs identified Frank Walashek, Ron Gray, and Jim Doud as witnesses who worked with Walashek at various times and had knowledge of products he worked with and around that caused him to be exposed to asbestos. (<u>Id.</u> at 2-3.)

Jim Doud testified that he had information regarding work Walashek performed on land-based sites beginning in 1984, when Doud became a field construction superintendent at Fraser Boiler. (Doud Dep. at 37:1-23.) Doud

recalled assigning Walashek to perform work on Cleaver-Brooks land-based boilers in Eastern Washington but could not recall specific job sites. (Doud Dep. at 279:3-19.) The only time that Walashek might have worked on the Cleaver-Brooks boilers in Eastern Washingtion, to Doud's knowledge, was between Easter of 1984 and when Walashek left Fraser in 1986. (Id. at 354:19-355:14.)

Doud thought that Walashek might have worked with Cleaver-Brooks DA tanks during the period from 1981-1986. (Id. at 350:6-13.) However, Doud did not personally ever see Walashek working with DA tanks and did not have any reason to believe that any work he did with DA tanks exposed him to asbestos. (Id. at 350:14-19.)

Doud testified that by the time he was making assignments in 1984, he and Walashek were thoroughly aware that there needed to be special handling for any materials that potentially contained asbestos. (Id. at 28:13-19.) Walashek was always instructed to make sure that he take all necessary precautions to ensure that he was not exposed to asbestos. (Id. at 28:17-23.) According to Doud, by 1981, "we had all been made aware and trained in personal protective equipment." (Id. at 228:22-24.) In 1980-1981, Fraser, the union hall, and the industry itself "became very emphatic, told us to start wearing respirators and Tyvek coveralls and to make sure that we never installed an asbestos gasket or asbestos material." (Id. at 145:2-9.)

Ron Gray recalled working with Walashek on land-based Cleaver-Brooks boilers in Eastern Washington and Idaho between 1981 and 1985. (Gray Dep. at 601:16-602:1.) During his deposition, Gray recalled doing work with Walashek on Cleaver-Brooks boilers at a Boeing plant, an Ore-Ida potato factory, a school in Eastern Washington, and another plant in Eastern Washington. (Id. at 602:12-606:9.) Later in his deposition, Gray testified that might be "guessing" about who manufactured the boiler at the Ore-Ida plant and "cannot tell you that it was a Cleaver-Brooks," did not know if the boiler at the unidentified plant was a Cleaver-

Brooks boiler, and was assuming the boiler at Boeing was a Cleaver-Brooks boiler because he generally associated fire tube boilers with Cleaver-Brooks. (Id. at 663:12-665:10; 623:1-625:8.)

Gray states that he learned of the dangers of asbestos in 1976 or 1977. (Id. at 36:9-13.) He recalls learning that asbestos particles could stick in your lungs and cause cancer. (Id. at 36:21-37:5.) He believes that he heard recommendations to wear respiratory protection when working around potentially asbestos-containing products prior to 1978. (Id. at 38:23-39:5.) He also recalls asbestos-abatement programs starting in the early 1980's. (Id. at 47:21-25.)

Gray thought he and Walashek may have worked on Cleaver-Brooks boilers on Coast Guard ships between 1974-1978. (Id. at 612:16-25.) However, Gray admitted that he was not certain that the boilers on the Coast Guard ships were Cleaver-Brooks boilers and was relying on his "vague memory." (Id. at 617:6-11.) Gray confirmed that he had no knowledge that Walashek or anyone in his presence disturbed any asbestos-containing material in the course of working on those ships. (Id. at 613:23-614:2.) Gray also testified that he had no information that Walashek was ever exposed to asbestos that originated with Cleaver-Brooks. (Id. at 619:1-4.)

Frank Walashek testified that he did not recall if there was ever an occasion where he and his brother encountered a Cleaver-Brooks boiler. (Frank Walashek Dep. at 273:21-24.) He also testified that he was not aware of his brother ever being exposed to any asbestos that came from Cleaver-Brooks. (Id. at 277:6-22.)

Based on Plaintiffs' discovery responses and the deposition testimony discussed above, the Court finds that Cleaver-Brooks has satisfied its initial burden of production on its motion for summary judgment by establishing the absence of a genuine issue of material fact on the issue of threshold exposure. From 1981 onwards, it appears that Walashek and other boilermakers were warned of the hazards of working with materials potentially containing asbestos and were

instructed to take necessary precautions. As for the period before 1981, there is insufficient evidence that Walashek worked with Cleaver-Brooks boilers or other asbestos-containing Cleaver-Brooks equipment.

### 3. Plaintiffs Fail to Create a Genuine Issue of Material Fact

Because Cleaver-Brooks has carried its initial burden of production, the burden shifts to Plaintiffs, who must produce enough evidence to create a genuine issue of material fact. See Celotex, 477 U.S. at 322. The Court concludes that Plaintiffs have failed to satisfy their burden.

In opposition to the motion for summary judgment, Plaintiffs rely on the deposition testimony of Ron Gray regarding Walashek's work on Cleaver-Brooks boilers in Eastern Washington and Idaho sometime between 1981 and 1985, and his work on Cleaver-Brooks boilers on Coast Guard ships from 1974 to 1978. Plaintiffs also rely on the deposition testimony of Jim Doud regarding assigning Walashek to work on Cleaver-Brooks boilers in Eastern Washington. (Opp. at 3-4.)

With respect to any work Walashek performed on Cleaver-Brooks boilers from 1981 on, the evidence shows that asbestos abatement procedures were in place, and employees, including Walashek, were instructed to take necessary precautions, such as wearing respirators and Tyvek coveralls, to ensure that they were not exposed to asbestos. In their Opposition, Plaintiffs do not dispute that from 1981 on, boilermakers were made aware and trained in the hazards of asbestos. (Opp. at 7.) Plaintiffs have not introduced evidence that in fact Walashek was not instructed to wear protective gear and did not do so. Instead, Plaintiffs argue that prior to 1981, boilermakers were not made aware and trained in personal protective equipment. (Id.) Therefore, the Court finds that there is no genuine issue of material fact with respect to exposure to asbestos attributable to Cleaver-Brooks from 1981 forward.

The only evidence regarding Walashek working with Cleaver-Brooks boilers before 1981 is testimony of Gray regarding the work on Coast Guard ships between 1974 to 1978. However, as discussed above, Gray could not provide a basis for saying that the boilers on the Coast Guard ships were Cleaver-Brooks boilers and was relying on "vague memory." Moreover, Gray testified that he had no knowledge that Walashek or anyone in his presence disturbed any asbestos-containing material in the course of working on those ships.

Gray's testimony is not of "sufficient quality to allow the trier of fact to find the underlying fact [of threshold exposure to asbestos attributable to the defendant] in favor" of Plaintiffs. McGonnell, 98 Cal. App. 4th at 1105. Because Plaintiffs have failed to raise a genuine issue of material fact with respect to Walashek's threshold exposure to asbestos attributable to Cleaver-Brooks, Cleaver-Brooks is entitled to summary judgment on all of Plaintiffs' claims.

## IV. CONCLUSION

For the reasons discussed above, Cleaver-Brooks' Motion for Summary Judgment [Doc. 340] is **GRANTED**. The Court finds that there is no just reason for delay and orders the Clerk to enter final judgment in favor of Cleaver-Brooks.
**IT IS SO ORDERED.**

Dated: May 24, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court